

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 28 1985

PATRICIA D. ———
CLERK OF THE PANEL

DOCKET NO. 641

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE McNEILAB, INC., "ZOMAX" PRODUCTS LIABILITY LITIGATION

ORDER DENYING TRANSFER

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, filed by plaintiff in one action pending in the Eastern District of Pennsylvania seeking centralization in the Eastern District of Pennsylvania of the eleven actions[1] listed on the attached Schedule A for coordinated or consolidated pretrial proceedings.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Although we recognize that the actions in this litigation involve some common questions of fact, we are not persuaded that these common questions will predominate over individual questions of fact present in each action. Furthermore, we note that 1) discovery is advanced in several of the constituent actions in this docket[2] and in many related actions which presumably would be considered as tag-along actions in the event the Panel ordered transfer; and 2) many related actions filed roughly contemporaneously with actions now subject to the motion before the Panel have been quickly settled or dismissed without need of protracted pretrial proceedings. Under these circumstances, we cannot conclude that centralization of the actions in this litigation under Section 1407 will further the purposes of the statute. See In re Asbestos and Asbestos Insulation Material Products Liability Litigation, 431 F.Supp. 906, 910 (J.P.M.L. 1977).

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. §1407, be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

[1] The motion seeks centralization of twelve actions. The schedule of actions accompanying the motion, however, included one action -- Sheryl Algee v. McNeilab, Inc., E.D. Pennsylvania, C.A. No. 84-4347 -- that was dismissed on April 11, 1985. Accordingly, the question of transfer with respect to that action is moot.

[2] Plaintiffs in three of the Kentucky actions opposed inclusion of their actions in centralized pretrial proceedings because the actions were at an advanced stage and an August, 1985, trial date had been scheduled. In her reply, movant stated that she did not oppose the Kentucky plaintiffs' position.

SCHEDULE A

MDL-641 -- In re McNeilab, Inc. "Zomax" Products Liability Litigation

### Northern District of Indiana

Cecelia Preston v. McNeilab, Inc., et al., C.A. No. H84-250

### Eastern District of Kentucky

Debra Fugate, et al. v. Johnson & Johnson Products, Inc., et al., C.A. No. 83-179

Dorothy M. Collins v. Johnson & Johnson Co., et al., C.A. No. 84-11

James Strine, et al. v. Johnson & Johnson Co., et al., C.A. No. 84-52

Sallie Ferguson, et al. v. McNeilab, Inc., et al., C.A. No. 84-90

### District of Massachusetts

Joanne Parsons v. Johnson & Johnson Co., et al., C.A. No. 84-686-T

### Eastern District of Pennsylvania

Timothy J. Bennett, et al. v. McNeilab, Inc., C.A. No. 84-1560

Velma Jones v. McNeilab, Inc., C.A. No. 84-4346

Roxanne Villa v. McNeilab, Inc., C.A. No. 84-2995

Andy L. Lego v. McNeilab Pharmaceutical, C.A. No. 85-1318

Barbara Wilson v. McNeilab, Inc., C.A. No. 85-1129)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 16 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 641

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE McNEILAB, INC., "ZOMAX" PRODUCTS LIABILITY LITIGATION

ORDER

On May 28, 1985, the Panel denied a motion to centralize actions in this litigation in the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. In re McNeilab, Inc., "Zomax" Products Liability Litigation, MDL-641 (J.P.M.L., filed May 28, 1985) (unpublished order). Subsequently, the original movant has moved for rehearing and reconsideration of the order denying transfer. Pursuant to Panel Rule 13(b), R.P.J.P.M.L., 89 F.R.D. 273, 282 (1981), the Panel has decided to entertain oral argument on this motion and has this day issued an order scheduling a hearing to be held in Indianapolis, Indiana, on September 19, 1985. In the interim, the Panel expects full compliance with all Panel Rules, including Rule 10, which provides in pertinent part as follows:

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was filed or came to the attention of the Panel either after the initial hearing before it or too late to be included in the initial hearing, will be treated by the Panel as a potential "tag-along action."

(e) Any party in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 30 1985

PATRICIA D. [illegible]
CLERK OF THE PANEL

DOCKET NO. 641

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE McNEILAB, INC., "ZOMAX" PRODUCTS LIABILITY LITIGATION

ORDER

On May 28, 1985, the Panel denied a motion to centralize actions in this litigation in the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. In re McNeilab, Inc., "Zomax" Products Liability Litigation, MDL-641 (J.P.M.L., filed May 28, 1985)(unpublished order). Subsequently, the original movant has moved for rehearing and reconsideration of the order denying transfer. Pursuant to Panel Rule 13(b), R.P.J.P.M.L., 89 F.R.D. 273, 282 (1981), the Panel decided to entertain oral argument on this motion and scheduled a hearing held in Indianapolis, Indiana, on September 19, 1985.

The Panel has fully considered this motion on the basis of the papers submitted and the hearing held, and the Panel finds that movants presented no grounds sufficient for the Panel to reverse its original decision to deny transfer in this litigation.

IT IS THEREFORE ORDERED that the motion for reconsideration be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman